# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MARIO BROWN,**                                                               **PLAINTIFF**

**V.**                                                          **NO. 2:07CV168-P-D**

**COAHOMA COUNTY SHERIFF DEPT., et al.,**                      **DEFENDANTS**

## OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. The court finds that several of Plaintiff's claims do not form a basis for relief dismissal of those claims is appropriate.

Plaintiff, an inmate at the Coahoma County Jail, complains about numerous aspects of incarceration. Specifically, Plaintiff expresses his displeasure about (1) having to use disposable eating utensils and cups, (2) that his legal mail has been opened, and (3) that he has been verbally threatened by Defendant Austin, a corrections officer. Finally, Plaintiff alleges that he is being denied medical attention for a neck injury. Plaintiff does not allege any physical injury but, nevertheless seeks monetary damages.

The Prison Litigation Reform Act provides in part, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering.

That is, the injury must be more than *de minimis*, but need not be significant. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Despite his assertions, Plaintiff has not alleged any physical injury. *See Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1, (5th Cir. 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prisoner did not allege a physical injury). A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). Since Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state claim of a constitutional nature. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *Harrison v. Smith, 83 Fed. Appx. 630*, 631, 2003 WL 22946387 at *1 (5th Cir. 2003) (prisoner did not state a claim when he failed to prove he suffered any physical injury as a result of allegedly unsafe conditions of confinement). Being forced to use disposable utensils and cups simply does not support a § 1983 claim for damages.

Similarly, Plaintiff's complaint about verbal threats by a guard is not worthy of § 1983 relief. It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983. *See Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002); *v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191(5th Cir. 1997).

Plaintiff further complains that guards have opened incoming legal mail outside his presence. Such a claim is insufficient to state a 1983 claim. The violation of a prison regulation that requires guards to open legal mail in presence of the inmate does not implicate constitutional concerns. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993). Additionally, Plaintiff has not alleged any injury related to the delay in receiving his mail. He, therefore, has failed to demonstrate a constitutional violation of his right to access the court. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

Plaintiff's final claim concerns a repeated denial of medical attention for a neck injury. On its face, allegations of the denial or delay of medical treatment for serious medical needs is sufficient to withstand dismissal. As to this claim only, Plaintiff will be allowed to proceed.

A separate order shall issue in accordance with this opinion.

THIS the 22nd day of October, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE